594 So.2d 1105 (1992)
Bernadine BROWNE and Security Insurance Company of Hartford
v.
AMERICAN BANK AND TRUST COMPANY OF NEW ORLEANS, et al.
consolidated with
Bernadine BROWNE
v.
AMERICAN BANK AND TRUST COMPANY OF NEW ORLEANS, et al.
Nos. 90-CA-1816, 90-CA-1817.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1992.
*1106 Timothy G. Schafer, Walker B. LeFlore, Jr., Schafer & Schafer, New Orleans, for appellants.
Paul J. Mirabile, Sue Buser, Middleberg Riddle & Gianna, New Orleans, for appellee.
Before SCHOTT, C.J., and BARRY, and BYRNES, JJ.
BYRNES, Judge.
Bernadine Browne appeals the trial court's decision granting American Bank's exception of no cause of action thus dismissing her action with prejudice. We affirm.
In 1984, Ms. Browne filed a lawsuit against Gwendolyn Sam and Security Insurance Company ("Security") for injuries sustained in a car accident. Ms. Browne retained Attorney Floyd Greene to represent her. At her trial, Ms. Browne was awarded damages. Security issued a draft for $56,316.27 to satisfy the judgment, payable to Ms. Browne and Mr. Greene. The draft was delivered to Ms. Browne through Mr. Greene. Mr. Greene endorsed his name and forged the name of Ms. Browne. He presented the draft to American Bank and Trust Company ("American") for depositing in his account. American issued a collection letter to Connecticut National Bank ("Connecticut"), the draft's drawee. Connecticut issued a cashier's check against Security's account, payable to American. Security and Ms. Browne initially filed suit against Mr. Greene, American, and Connecticut, seeking the return of the draft amount.
In a separate transaction, American allowed Mr. Greene to negotiate a draft for Ms. Browne to cover medical expenses in the amount of $7,024.31. The draft was issued by State Farm Mutual Insurance Company to both Mr. Greene and Ms. Browne. Again, after signing his name, Mr. Green forged the name of Ms. Browne. American presented the draft to Central Bank of Monroe ("Central Bank") for collection and the funds were transmitted back. In a second suit, Ms. Browne attempted to recover these funds from American.
These two suits were heard by the trial court. In the first suit American, who had been acquired by Alerion Bank, filed exceptions of non-joinder of necessary party, prematurity, and no cause of action. The trial court sustained the exception of no cause of action as to Ms. Browne and not Security. In the second suit, American filed exceptions of non-joinder of necessary party, non-joinder of indispensable party, and no cause of action. The trial court sustained the exception of no cause of action, thus dismissing Ms. Browne's suit with prejudice. From these decisions Ms. Browne appeals.

SCOPE AND COURSE
Ms. Browne contends the trial court erred in sustaining American's exceptions of no cause of action. In its reasons for judgement in the first suit, the trial court stated:
La.R.S. 10:3-419(3) provides that a collecting bank who in good faith deals with an instrument on behalf of someone who *1107 is not the true owner is not liable to the true owner, except for proceeds remaining in the hands of the collecting bank. (see Comment 5). A collecting bank may be liable to a drawee on certain warranties of presentment and transfer, but does not owe a duty to the payee. LA. R.S. 10:3-417. Because American is not holding any proceeds from the draft, it is not liable to Bernadine Brown (sic).
Ms. Browne looks to La.R.S. 10:3-419(1) which states:
When a drawee to whom an instrument is delivered for acceptance ... pays an instrument on a forged endorsement, he is liable to the true owner.
However, comment 5 to La.R.S. 10:3-419 is clear in stating that subsection (3) is intended to limit the liability of the collecting bank under subsection (1). Ms. Browne contends that the case of Top Crop Seed and Supply v. Bank of Southwest Louisiana, 457 So.2d 273 (La.App. 3rd Cir.1984), where the collecting bank assumed the position of the payor bank by distributing immediate funds on the check, should apply here. American did not credit the deposits to Mr. Greene's account until Connecticut and Central Bank honored the drafts by sending cashier's checks to American, and American did not disburse cash on the drafts until after the drafts were collected from the banks on which the drafts were drawn. The record reflects American was only a collecting bank in these transactions. Accordingly, American must follow the reasonable commercial standards applicable to endorsements, which in this case was to validate that the draft did contain two endorsements, in the correct names, as listed on the drafts, and that one of the endorsees was presenting the drafts for negotiability.
Subsection (3) bars Ms. Browne's claims against American. The exception of no cause of action must be maintained where a statute abrogates any cause alleged in the petition. Cooley v. State, 533 So.2d 124 (La.App. 4th Cir.1988). Thus Ms. Browne failed to state a cause of action upon which relief can be granted.
Louisiana C.C.P. art. 934 directs that a judgment sustaining the peremptory exception shall permit amendment to the petition when the grounds of the objection may be removed by amendment. However, amendment is not permitted when it would constitute a vain and useless act. Whitney Nat. Bank v. Jeffers, 573 So.2d 1262 (La. App. 4th Cir.1991). Thus, we sustain the peremptory exception of no cause of action.
For the foregoing reasons, we affirm the decision of the trial court.
AFFIRMED.
BARRY J., dissents.
BARRY, Judge, dissenting with reasons.
If the appellants allege that Alerion did not comply with normal banking procedures or that Alerion acted in bad faith, then a cause of action exists.
Appellants should be allowed to amend the petition pursuant to C.C.P. art. 934.