707 So.2d 436 (1997)
Christa A. NELSON
v.
Michael WILLIAMS and Parish of Jefferson.
No. 97-CA-276.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 1997.
Order Granting Rehearing for Limited Purpose April 13, 1998.
*437 Steven K. Faulkner, Jr., Metairie, for Plaintiff/Appellant Christa A. Nelson.
Jerry Sullivan, Daigle, Sullivan, Dupre & Aldous, Metairie, for Defendant/Appellee Daystar, Inc.
Richard P. Ieyoub, Michael Keller, Attorney General's Office, Department of Justice, New Orleans, for Defendant/Appellee State of Louisiana, Through Jefferson Parish Human Services Authority.
Before BOWES, WICKER and DALEY, JJ.
BOWES, Judge.
Plaintiff, Christa Nelson, appeals a judgment of the district court in favor of defendants Daystar Inc. ("Daystar") and the State of Louisiana through the Jefferson Parish Human Services Authority (JPHSA), granting defendants' exception of no cause of action. We reverse.

FACTS
Nelson filed suit against Michael Williams and the Parish of Jefferson in the Twenty-Fourth Judicial District Court in October, 1994, alleging that as a patient at a program administered by the Jefferson Parish Mental Health Clinic, patient counselor Williams threatened her eligibility for the program unless she consented to have oral sex with him. As a result of the incident, Nelson alleged that she suffered severe emotional trauma and injury, and urged her entitlement to general and medical damages.
The Parish of Jefferson filed an answer to this suit; subsequently, Nelson filed a supplemental and amending petition, adding the State of Louisiana through the Department of Human Resources (DHHR), and Daystar. That petition alleged that the State of Louisiana was jointly responsible *438 with Jefferson Parish for the operation and management of the East Jefferson Mental Health Clinic (not named in the original petition as the clinic at which the incident took place); and that Daystar had contracted with Jefferson and the state for the day-to-day management of East Jefferson and as Williams' direct employer, was vicariously liable for his actions.
In February of 1996, a second supplemental and amending petition was filed, adding the Jefferson Parish Human Services Authority (JPHSA) (a special district created by La. R.S. 28:831); the petition averred that pursuant to the enabling legislation, JPHSA was responsible for the operation and management of the clinic and was, therefore, responsible for the actions of the other defendants. It was further alleged that JPHSA was independently negligent in contracting its responsibilities to Daystar when it knew or should have known Daystar was incompetent; failing to properly supervise Daystar; allowing Daystar to hire Williams when it should have known he was not trained or licensed to perform counseling services; and any other acts of negligence which could be proven at trial.
A third supplemental and amending petition was filed in March of 1996, adding Penn-American Insurance Company as the insurer of Daystar. Nelson later moved to dismiss both the parish and the state through DHHR from the lawsuit.
Daystar and JPHSA filed a joint exception of no cause of action and in the alternative, a motion for summary judgment. Following argument on the motions, the trial court granted the exception and dismissed JPHSA and Daystar from the suit.[1] From this judgment Nelson appeals.

ACTION OF THE TRIAL COURT
In its reasons for judgment, the trial court found that accepting the facts alleged by plaintiff as true, Williams' conduct was an intentional tort and that plaintiff's petition failed to particularize her claim of vicarious liability. The court found that plaintiff had set forth facts that established only that Williams was an employee of Daystar and counselor of the plaintiff when he committed the act stating:
Because the plaintiff fails to allege morenamely the when, how and under what circumstances the tort occurredthis Court feels that the facts alleged by plaintiff even accepted as true are insufficient to hold Daystar vicariously liable for Williams' tortious conduct.
Regarding the direct negligence of JPHSA, the court found that plaintiff's claim against that defendant was based on her allegation that JPHSA failed to determine that Daystar should not have hired Williams, untrained or unlicensed, saying:
... the court cannot ascertain whether in fact a breach did occur since the plaintiff fails to specify what kinds of training or licensing are deficient. Because it cannot be determined, based on the petition and three supplemental petitions, whether a breach of duty occur (sic) plaintiff's petition is insufficient to state a cause of action in direct negligence against JPHSA.
The court went on to notice the possibility of direct negligence against Daystar for hiring Williams, but found that the petition failed to state a cause of action for that cause of action. "Thus this court finds that since there is no theory of the case, no remedy may be afforded."

ANALYSIS
Our Supreme Court has stated in City of New Orleans v. Board of Com'rs of Orleans Levee Dist., 640 So.2d 237 (La.1994) as follows:
In reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition.
In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove *439 no set of facts in support of any claim which would entitle him to relief. The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide for relief on any possible theory.
As a practical matter, an exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insuperable bar to relief. In other words, dismissal is justified only when the allegations of the petition itself clearly demonstrate that the plaintiff does not have a cause of action, or when its allegations indicate the existence of an affirmative defense that appears clearly on the face of the pleading.
[Citations omitted].
No evidence may be introduced to support or controvert the exception that the petition fails to state a cause of action. La. C.C.P. art. 931; Pelican Publishing Company v. Wilson, 626 So.2d 721 (La.App. 5 Cir. 1993). In deciding the exception, the court must accept the well-pleaded allegations of fact as true. Id. at 723. Because a petition is subject to more than one interpretation, or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action. Haskins v. Clary, 346 So.2d 193 (La.1977); Saxena v. Saxena, 518 So.2d 1098 (La.App. 5 Cir.1987).
La. C.C. art. 2320 states:
Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
* * * * * *
In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.
The master is answerable for the offenses and quasi-offenses committed by his servants, according to the rules which are explained under the title: Of quasi-contracts, and of offenses and quasi-offenses.
Each question of an employer's response in damages for the intentional torts of his employee must be looked at on its own merits to determine whether the conduct is to be regarded as within the scope of the employee's employment. Miller v. Keating, 349 So.2d 265 (La.1977).
In Samuels v. Southern Baptist Hosp., 594 So.2d 571 (La.App. 4 Cir.1992), the Fourth Circuit stated as follows:
Employers are answerable for the damage caused by their employees in the exercise of the functions in which they are employed. LSA-C.C. art. 2320; Ermert v. Hartford Ins. Co., 559 So.2d 467 (La.1990). When determining whether the employer is liable for the acts of an employee, factors to be considered are whether the tortious act was: (1) primarily employment rooted; (2) reasonably incidental to the performance of the employee's duties; (3) occurred on the employer's premises; and (4) occurred during hours of employment. LeBrane v. Lewis, 292 So.2d 216 (La.1974). It is not necessary that all factors be met in order to find liability, and each case must be decided on its merits. Turner v. State, 494 So.2d 1292 (La.App. 2nd Cir. 1986). The fact that the primary motive of the employee is to benefit himself does not prevent the tortious act of the employee from being within the scope of the employment; if the purpose of serving the employer's business actuates the employee to any appreciable extent, the employer is liable. Ermert, supra; Austen v. Sherwood, 446 So.2d 274, 279-280 (La.1983), Alexander v. Rivers, 560 So.2d 999 (La. App. 4th Cir.1990).[2]
*440 See also Luccia v. Cummings, 94-416 (La. App. 5 Cir. 11/16/94), 646 So.2d 1142.
In our de novo review, we note that plaintiff averred in her first amending petition both that Williams was acting in the course and scope of his employment in his interactions with her, and that he threatened her continued enrollment in the state sponsored program to which plaintiff was assigned.
Utilizing the criteria for determining an exception of no cause of action, we find that accepting that allegation as true, the plaintiff has stated a sufficient cause of action to defeat the exception. Under evidence admissible under these pleadings, the plaintiff may attempt to prove certain facts relating to whether Williams' conduct was primarily employment rooted, and was reasonably incidental to the performance of his duties, whether it occurred on Daystar's premises during the hours of employment; and if the purpose of serving Daystar's business actuated the employee to any appreciable extent. While pleading more facts would surely clarify the situation for the court, it is not required to defeat this exception. Based on the facts which were alleged, plaintiff has stated a cause of action against Daystar to make them liable for the actions of its employee. Whether the "course and scope of employment" alleged by plaintiff is such so as to render Daystar liable is a matter for trial on the merits and plaintiff is not obliged to plead all the facts which she intends to prove at trial. We find no insuperable bar on the face of the petition to this action.
Regarding an action in negligence against JPHSA, we hold that plaintiff has likewise stated a cause of action. Plaintiff has averred that JPHSA was responsible for the operation and management of East Jefferson; that it contracted with Daystar when it should have known that that company was incompetent to perform its duties and responsibilities; and further that it failed to properly supervise Daystar.
Plaintiff further alleged that JPHSA was negligent in allowing Daystar to hire Williams as a counselor when it knew or should have known that he was not trained or licensed to perform these services; and that Williams' conduct caused harm and resulting damage. According to City of New Orleans v. Board of Com'rs of Orleans Levee Dist., supra, and viewed in the light most favorable to the plaintiff, under the above pleadings plaintiff would be permitted to introduce facts to support her contention that JPHSA breached its duty to use reasonable care in contracting with Daystar. In other words, we hold that she has averred (although rather obliquely), the requisite factors in a duty-risk analysis necessary to state a cause in negligencea duty, a breach of that duty, harm, cause-in-fact and damages.
Therefore, it was also error to grant the exception as to JPHSA.[3]

*441 DECREE

For the foregoing reasons the judgment is reversed, and the matter is remanded to the trial court for further proceedings and particularly to allow plaintiff a reasonable time to amend the pleadings to particularize the cause of action. Costs are taxed to appellees.
REVERSED AND REMANDED.

ON REHEARING
REHEARING GRANTED.
We grant the rehearing for the limited purpose of deleting from the opinion that portion of the decree which allows the plaintiff a reasonable time within which to amend the pleadings to particularize a cause of action. Having found that the petition states a cause of action, such an amendment is unnecessary.
NOTES
[1] It is alleged that Williams has disappeared and cannot be served with process.
[2] In Samuels, supra, the nursing assistant was held to be within the scope of his employment when he sexually assaulted a mental patient on the premises of a psychiatric unit while he was on duty. The nursing assistant's tortious conduct was reasonably incidental to the performance of his duties although totally unauthorized by his employer and motivated by his own personal interest. See also Michelet v. Scheuring Sec. Services Inc., 95-2196 (La.App. 4 Cir. 9/4/96), 680 So.2d 140 in which a uniformed, armed police officer on duty who used his position of authority to separate the victim from her companions and force her to engage in intercourse and oral sex, was found to be within the scope of his employment.

In so stating, we make neither comment nor finding as to any possible liability on the part of defendants in the action before us.
[3] Even if the trial court had correctly maintained the exceptions, it should have ordered plaintiff to amend its petition. We are aware that there are already three supplemental petitions; however, all were confected in order to add and/or substitute various defendants, and none were as a result of a court order following an exception. La. C.C.P. art. 934 directs that a judgment sustaining a peremptory exception shall permit amendment to the petition when the grounds of the objection may be removed by amendment. See Doe v. Entergy Services, Inc., 608 So.2d 684, 687 (La.App. 4 Cir.1992), writ denied, 613 So.2d 978 (La.1993), U.S. cert. denied, 510 U.S. 816, 114 S.Ct. 66, 126 L.Ed.2d 35 (1993); Browne v. American Bank and Trust Company of New Orleans, 594 So.2d 1105, 1107 (La.App. 4 Cir. 1992). The right to amend is qualified by the restriction that the objections be curable. Doe v. Entergy Services, Inc, supra. Amendment is not permitted when it would constitute a vain and useless act. Doe v. Entergy Services, Inc., supra.; Browne v. American Bank and Trust Company of New Orleans, supra.

While we understand the reluctance of the trial court to permit plaintiff another opportunity to amend, under the facts of this case the court should have ordered an amendment.