769 So.2d 754 (2000)
STATE FARM FIRE & CASUALTY COMPANY as Partial Subrogee to The Rights of Sylvia Landry and Sylvia Landry
v.
Richard TORREGANO.
No. 00-CA-141.
Court of Appeal of Louisiana, Fifth Circuit.
September 26, 2000.
*755 C. Lee Drake, Metairie, Louisiana, Attorney for Appellant.
Kevin O. Larmann, Metairie, Louisiana, Attorney for Appellee, State Farm.
Kenneth A. Goodwin, New Orleans, Louisiana, Attorney for Appellee, Sylvia Landry.
Panel composed of Judges CHARLES GRISBAUM, Jr., MARION F. EDWARDS and CLARENCE E. McMANUS.
EDWARDS, Judge.
Defendant/appellant Richard Torregano appeals the judgment of the trial court finding him liable to plaintiff/appellee State Farm Fire and Casualty Company in the amount of $19,165.76 and finding him liable to intervenor/appellee Sylvia Landry in the amount of $5,801.00. Torregano has been accused of breaking and entering the home of Landry, his ex-wife, vandalizing her property and stealing her jewelry. State Farm, as Landry's homeowner's insurer and partial subrogee to her rights, filed suit against Torregano to recover the amount it paid to Landry under the policy. Landry intervened and claimed additional individual damages. Torregano alleges that the trial court erred in finding him *756 liable for the theft of Landry's jewelry. Landry has filed an answer to the appeal alleging that the trial court erred in not awarding her damages for mental anguish, attorney fees and costs. For the following reasons, we affirm the judgment of the trial court.
Landry and Torregano were married on November 23, 1991 and were divorced on March 8, 1995. After their divorce, Torregano seized much of Landry's jewelry, supposedly as collateral for personal items of his that were in her possession. This took place on April 3, 1995. Landry alleges that the jewelry was returned to her a few days later.
On December 20, 1996, Landry, her daughter Anna, and her fiancee James Swoop went on vacation and did not return to their home until December 28, 1996. Upon their return, they discovered that their home had been burglarized. The items missing from the house were Torregano's passport, Landry's business and tax records for years pertaining to the couples' divorce, pictures and videos of Anna, a wedding present from Torregano's aunt and jewelry which had previously been taken by Torregano. Also, Landry's computer had been reformatted. The remainder of their valuables were left undisturbed.
Landry filed a claim with her homeowner's insurer, State Farm. State Farm paid $19,165.76 to Landry as reimbursement for damage to the residence and personal property (jewelry) lost in the burglary.
Believing that Torregano perpetrated the crime, Landry filed criminal charges against him for the theft of her jewelry. State Farm, as the partial subrogee of Landry, filed a petition for damages against Torregano on December 17, 1997. Landry filed a motion to intervene and a petition for damages against Torregano on December 23, 1997.
In January, 1999, the criminal trial for the burglary of Landry's home was held against Torregano. The jury acquitted Torregano of all charges surrounding the incident. Of note is that during the criminal trial, Torregano admitted to being at Landry's home sometime during December 24-25, 1996 to visit his daughter. He alleges that when he found no one home, he left and returned to his residence.
On February 2, 1999, the trial court in this matter granted Torregano's motion for partial summary judgment dismissing Landry's claim for lost business records and punitive damages. The trial court denied Torregano's motion for partial summary judgment as to the remainder of Landry's damages. The trial court also denied the motion for summary judgment filed by Torregano.
On June 3, 1999, the matter went to trial before the Honorable Robert A. Pitre, Jr. of the Twenty-Fourth Judicial District Court. Torregano was ordered by subpoena duces tecum to produce any of Landry's jewelry that was in his possession. At trial, he produced costume jewelry which he claimed to have had in his possession since April 3, 1995, shortly after the couples' divorce. Landry alleged that the jewelry had been returned to her and then stolen during the December, 1996 burglary. Landry introduced deposition testimony and called various witnesses to testify to the fact that they had observed her wearing the jewelry in question between April 3, 1995 and December 20, 1996. Landry and Torregano both testified on their own behalf.
The trial concluded on June 4, 1999, at which time the trial judge took the matter under advisement. On July 13, 1999, the trial court rendered its judgment, awarding damages to State Farm in the amount of $19,165.76 and to Landry in the amount of $5,801.00. On July 22, 1999, Torregano filed a motion for partial new trial. The trial court rendered a judgment on the motion for partial new trial on October 6, 1999, awarding damages in the amount listed in the July 13th judgment.
*757 Torregano filed a motion and order for appeal on November 30, 1999, which was subsequently granted by the trial court. Landry filed an answer to the appeal on February 23, 2000. The matter is now before this Court for review.

LAW AND ANALYSIS
Torregano alleges eight assignments of error on appeal. In his first assignment of error, Torregano alleges that the trial court erred in finding any liability whatsoever on his part. In his second assignment of error, Torregano alleges that the trial court erred in awarding an excessive amount of damages to Landry and State Farm. In his third assignment of error, Torregano alleges that the trial court erred in omitting from its judgment any reference to a return of the allegedly stolen merchandise and in failing to give a resulting credit on the amount of monetary damages assessed against him. He also alleges that the trial court erred in failing to appoint an appraiser to assign a dollar value to the items and deduct said value from any amounts to which Landry and State Farm may be entitled under the judgment. In his fourth assignment of error, Torregano alleges that the trial court erred in failing to draw a negative inference from Landry and State Farm's failure to call numerous fact witnesses listed on their pre-trial witness lists. In his fifth assignment of error, Torregano alleges that the trial court erred in failing to take depreciation into account in awarding Landry and State Farm damages for home repairs and/or lost jewelry. In his sixth assignment of error, Torregano alleges that the trial court erred in finding that Landry and State Farm proved both liability and the amount and extent of their damages by a preponderance of the evidence. In his seventh assignment of error, Torregano alleges that the trial court erred in allowing Landry and State Farm to introduce inadmissible hearsay documents into evidence as proof of their damages and losses and in not compelling the various appraisers to appear in court to corroborate said documents. In his eighth and final assignment of error, Torregano alleges that the trial court erred in failing to itemize with specificity the damages awarded to Landry and State Farm.
In her answer to the appeal, Landry alleges that the trial court erred by not awarding her damages for mental anguish. She also alleges that the trial court erred by not awarding her attorney's fees, court costs, investigator's fees, and expert witness fees for protecting her daughter from further harm by Torregano.

Torregano's Appeal
Within his eight assignments of error, Torregano has addressed two main issues: (1) did the trial court err in finding him liable for the damages sustained by Landry and (2) did the trial court err in determining that Landry and State Farm proved the extent and amount of their damages by competent evidence. A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong."[1] The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one.[2]
The Supreme Court has announced a two-part test for the reversal of a factfinder's determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).[3]
*758 In the present case, Torregano alleges that the trial court erred in finding him liable for the property stolen from Landry. The trial court found that the evidence adduced at trial was sufficient to hold Torregano liable for the loss of Landry's jewelry. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.[4]
In his brief, Torregano attacks the credibility of Landry's witnesses. It is his contention that the facts to which they testified to they could not possibly remember with any accuracy. The trial court chose to give more weight to Landry's testimony and that of her witnesses than to that of Torregano. When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.[5]
Great deference must be given to the trial court's determination of the credibility of the witnesses. Based on this credibility determination, the trial court found Torregano to be liable for the damages sustained by Landry. Absent a manifest abuse of discretion, the trial court's determination of liability must be affirmed.
In his second assignment of error, Torregano alleges that the trial court erred by awarding excessive damages to Landry and State Farm. In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury.[6] Before an appellate court may disturb such an award, the record must clearly reveal that the trier of fact abused its broad discretion in making the award, based on the facts and circumstances peculiar to the case and the individual under consideration.[7]
The trial court awarded damages in the amount of $19,165.76 to State Farm. This was the amount that State Farm paid to Landry under her homeowner's insurance policy. At trial, State Farm produced receipts and appraisal values of the property stolen from Landry's home. These amounts were verified by Jeanne Haik, a claims adjuster employed by State Farm. In addition to the damages awarded to State Farm as a result of the subrogation claim, the trial court awarded Landry $5,801.00 for additional damages sustained which were not covered by her homeowner's insurance.
The evidence produced at trial was sufficient to support the amount of damages awarded to Landry and State Farm. State Farm verified its claim by producing its business records and having them verified by one of its claims adjusters. Landry's damages were proven by her testimony at trial and much discretion must be given to the trial court's determination of such. Absent a manifest abuse of discretion, the judgment of the trial court must be affirmed.
In his third assignment of error, Torregano alleges that the trial court erred in omitting from its judgment any reference to a return of the allegedly stolen merchandise and in failing to give a resulting credit on the amount of monetary damages assessed against him. Based on a review of the record, there is no evidence to indicate that Torregano ever returned the items in question. At the hearing on the motion for new trial held on August 11, 1999, defense counsel addressed the trial court and asked for a credit on the judgment award if the jewelry was returned. There is no indication that it ever was returned, either before or after this date.
*759 State Farm alleges that most of the jewelry has been replaced and there is no need for a return or a credit based on such a return. State Farm was subrogated to the rights of Landry as a result of its payment on the homeowner's insurance policy. It merely recouped from Torregano the amount that it paid to Landry. State Farm further alleges that Torregano could have returned the jewelry at any time prior to trial, but chose not to. State Farm asserts that because of his own actions, Torregano is not entitled to a credit now that he wants to return the jewelry.
As there is no evidence in the record that the stolen property has been returned, Torregano is not entitled to a credit on the judgment rendered against him. The judgment of the trial court must be affirmed.
In his fourth assignment of error, Torregano alleges that the trial court erred in failing to draw a negative inference from Landry and State Farm's failure to call numerous fact witnesses listed on their pre-trial witness lists. The general rule as to unproduced witnesses is that where a party having control of an available material witness fails to call that witness, an inference may be drawn that that testimony would have been adverse to the party.[8] The adverse presumption rule must be tempered by the proposition that a party to a lawsuit need only prove his case.[9] If he does so by calling one or more witnesses to testify concerning an issue, he should not be penalized because he fails to call still another witness on the subject.[10]
Landry produced three witnesses, beside herself, to testify regarding the jewelry. The trial court found these testimonies sufficient to hold Torregano liable for the loss. State Farm and Landry proved their case. There was no need to call additional witnesses. The adverse presumption rule does not apply in this case and the judgment of the trial court must be affirmed.
In his fifth assignment of error, Torregano alleges that the trial court erred in failing to take depreciation into account in awarding Landry and State Farm damages for home repairs and/or lost jewelry. The trial court awarded Landry and State Farm the amount of the appraisal value of the items in question. Absent a manifest abuse of discretion, the judgment of the trial court must be affirmed.
In his sixth assignment of error, Torregano alleges that the trial court erred in finding that Landry and State Farm proved both liability and the amount and extent of their damages by a preponderance of the evidence. In most civil cases, the burden of proof is preponderance of the evidence, which means that the evidence, taken as a whole, must show that the fact or cause shown to be proven is more probable than not.[11]
Torregano alleges that neither liability nor the amount of damages were proven by a preponderance of the evidence. We disagree with this allegation. The record reflects that there was sufficient evidence produced at trial to prove that certain pieces of jewelry in the Torregano's possession at the time of trial had been worn by Landry between April 3, 1995 and December 20, 1996. Since this was the case, Torregano's contention that he was possessed of the jewelry from April 3, 1995 through the date of trial was erroneous. The evidence and circumstances surrounding the incident prove by a preponderance of the evidence that Torregano is liable for *760 the damages awarded to State Farm and Landry. The amount of the damages were proven by a preponderance of the evidence when State Farm's records of appraisals were produced and verified by its claims adjuster. Landry and State Farm bore their burden of proof at trial.
In his seventh assignment of error, Torregano alleges that the trial court erred in allowing Landry and State Farm to introduce inadmissible hearsay documents into evidence as proof of their damages and losses and in not compelling the various appraisers to appear in court to corroborate said documents. State Farm responds by alleging that the appraisals in its files were records of regularly conducted business activity and are exceptions to the hearsay rule.[12]
At trial, State Farm produced the appraisals and estimates it used to value Landry's claim on her homeowner's insurance policy. These documents were a part of State Farm's business records and were verified by Jeanne Haik, a State Farm claims adjuster. State Farm alleges that the compilation of these documents are part of its routine practice and as such they are "records of regularly conducted business activity," which falls under the hearsay exception of LSA-C.E. art. 803. We agree. Since the file in question is a business record and it was verified by a qualified witness, the trial court did not err in allowing it to be admitted into evidence under the business records exception to the hearsay rule.
In his eighth and final assignment of error, Torregano alleges that the trial court erred in failing to itemize with specificity the damages awarded to Landry and State Farm. Torregano makes no allegations, and cites no law to the assertion, that the trial court is required by law to itemize the damages awarded to the other parties in this suit.
State Farm's claims file, which was admitted into evidence at trial, contains the invoices and appraisals from which the trial court determined damages. These documents list with specificity the value of the stolen and damaged items. Also, at the hearing on the motion for new trial, the trial court granted Torregano's request to specify the damages awarded to Landry. This request was satisfied in the amended judgment signed on October 6, 1999. This assignment of error is without merit and the judgment of the trial court must be affirmed.

Landry's Answer to the Appeal
In her answer to the appeal, Landry alleges that the trial court erred by not awarding her damages for mental anguish. She also alleges that the trial court erred by not awarding her attorney's fees, court costs, investigator's fees, and expert witness fees for protecting her daughter from further harm by Torregano. These allegations are without merit and the judgment of the trial court must be affirmed.
Landry first alleges that she suffered mental anguish over the burglary of her home by Torregano. The mental anguish which gives rise to a claim for damages must be real mental injury.[13] Every incident of property damage is necessarily accompanied by some degree of worry or consternation.[14] However, recovery of damages requires the plaintiff to have suffered psychic trauma in the nature of or similar to a physical injury as a direct result of the incident which caused the property damage.[15]
Landry also alleges that she suffered mental anguish over her daughter's *761 safety, which is compensable under LSA-C.C. art. 2315.6. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating and foreseeable.[16]
The only expert to have treated Landry for her supposed mental anguish was Nancy Timm, who has a masters in social work. Timm testified that she had been seeing Landry for six months prior to the burglary for unrelated reasons. Timm testified that Landry had developed post-traumatic stress disorder (PTSD), but could not say with any certainty whether it developed from the burglary of her home, concern about her daughter or from the four years of domestic litigation between her and Torregano. Landry did not present any other evidence concerning her supposed mental anguish. Her level of anguish did not rise to a level that is compensable under the law and the trial court did not err in denying her claim for damages.
Landry also alleges that the trial court erred by not awarding her attorney's fees, court costs, investigator's fees, and expert witness fees for protecting her daughter from further harm by Torregano. It is well established that attorney's fees are not recoverable in a civil action in the absence of a statute or contract.[17] No such statute or contractual agreement is applicable in this case. The other expenses and costs were not awarded to her in the domestic case. She did not appeal that ruling and this Court will not revisit the issue. The judgment of the trial court must be affirmed.
In summary, it is the opinion of this Court that the trial court did not err in finding Torregano liable to Landry and State Farm for damages as a result of the burglary of Landry's home. The trial court did not err in determining that Landry and State Farm proved the extent and amount of their damages by competent evidence. The trial court did not err in allowing the admission of State Farm's claims file, including the invoices and appraisals for the damaged and stolen property. Finally, the trial court did not err in denying Landry's claim for mental anguish and for attorney's fees, court costs, investigator's fees and expert witness fees for protecting her daughter from further harm by Torregano. The judgment of the trial court must be affirmed.
AFFIRMED.
NOTES
[1] Stobart v. State Through Dept. of Transp. And Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
[2] Id. at 882.
[3] Id.
[4] LSA-C.C. art. 2315.
[5] Rosell v. ESCO, 549 So.2d at 844.
[6] LSA-C.C. art. 2324.1; Cooper v. Borden, Inc., 30-292 (La.App. 2nd Cir. 2/25/98), 709 So.2d 878.
[7] Cooper v. Borden, Inc., 709 So.2d at 883.
[8] Cooper v. Diamond Offshore Drilling, Inc., 96-924 (La.App. 5th Cir. 3/25/97), 692 So.2d 1213.
[9] Wilson v. U.S. Fire and Cas. Co., 593 So.2d 695 (La.App. 4th Cir.1991); writs denied, 597 So.2d 1027 (La.1992) and 597 So.2d 1037 (La.1992).
[10] Id. at 700.
[11] State v. One (1) 1991 Pontiac Trans Sport Van, Vin No. 1GMCU06D3MT208532, 98-64 (La.App. 5th Cir. 7/9/98), 716 So.2d 446.
[12] See LSA-C.E. art. 803(6).
[13] Kemper v. Don Coleman, Jr., Builder, Inc., 31-576 (La.App. 2nd Cir. 7/29/99), 746 So.2d 11; writs denied, 99-2954 (La.1/7/00), 752 So.2d 861 and 99-2955 (La.1/7/00), 752 So.2d 861.
[14] Id. at 21.
[15] Id.
[16] Schexnayder v. Tarto, 98-271 (La.App. 5th Cir. 11/25/98), 722 So.2d 1112.
[17] Dixie Sav. and Loan Ass'n v. Pitre, 99-154 (La.App. 5th Cir. 7/27/99), 751 So.2d 911; writ denied, 99-2867 (La.12/10/99), 751 So.2d 855.