McMANUS, Judge.
At issue in this case is whether defendant negligently hired,, trained and supervised employees and failed to properly implement policies and procedures to secure customer belongings resulting in theft of a customer’s jewelry. For the following reasons, we amend the trial court’s award of $4,000.00 for plaintiffs mental anguish and affirm the judgment as amended.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Sally Bourgeois, was a regular customer of Angel Nails on Wilshire Boulevard in Metairie, Louisiana. On one particular visit to Angel Nails on December 15, 1998, plaintiff alleges that her diamond ring was stolen by one of Angel Nails’ employees, Myelin Phan, who worked there a total of five months before- and after this incident.
Plaintiff testified that upon entering Angel Nails, she was greeted by owner/manager, Kim Tran and was directed to take a seat at Myelin Phan’s station tó begin soaking her nails. Ms. Phan allegedly-insisted plaintiff remove her engagement ring for the soaking process but not the ring on her other .hand. Plaintiff found' the request unusual and. questioned whether it was necessary for her.to do so. Ms. Phan replied that it was. Plaintiff tried to remove the engagement ring,- but it was very tight. Ms. Phan gave her some lotion to help remove it. Plaintiff placed the ring in a zippered makeup pouch inside her purse and then placed the purse on the floor, next to her right foot. At some point diming the process, plaintiff left her purse to wash her hands in a sink located about twelve to fifteen feet from her purse. At that time, her back was turned to Ms. 12Phan and the purse. Plaintiff was then escorted to another work-station for someone else to polish her nails.
When ■ the manicure was completed, plaintiff left Angel Nails without placing her ring back on her finger or checking to see if it was still in her purse. Upon leaving Angel Nails, she walked across the street to browse through two stores to allow her fingernails time to dry. After doing so, she removed her keys from her purse and drove home. Once at home, she opened her makeup pouch for the first time since securing the ring inside it. However, the ring was not there. She then emptied the contents of her purse onto her dining room table and did not find the ring.
The next day, plaintiff filed a complaint with the Jefferson Parish Sheriffs Department. Plaintiff and a deputy went to Angel Nails to look for her ring. Deputies questioned all employees including Myelin Phan. Ms. Phan was taken back to the station. Officers requested she take a polygraph test but her husband instructed her not to. Plaintiffs ring was never recovered.
Thereafter, plaintiff filed suit against Angel Nails, its owner Tuy Nguyen, its insurer Allstate Insurance Company, and Myelin Phan. As to Ms. Phan, the petition alleged she was negligent in failing to take due care that the ring would not be lost; failing to observe its taking; and failing to properly secure the ring. As to Tuy Nguyen and Angel Nails, the petition alleged negligence for failing to properly hire, *1135 train and supervise employees and failing to implement adequate policies for securing customer’s jewelry. Plaintiff was .unable to serve Ms. Phan; thus, she -was dismissed from this case. Ms. Phan reportedly stopped working for Angel Nails in January 1999, and moved to Chicago with her husband.
After a trial, First Parish Court Judge Rebecca Olivier entered judgment in plaintiffs favor, noting:
Plaintiff proved by a preponderance of the evidence that the loss sued upon was caused by the negligence of Angel Nails. Ms. Bourgeois made a very credible witness, in her account of the 12/15/98 visit to Angel Nails. The Court also considered Ms. Bourgeois’ previous ■ experiences at Angel Nails, and compared it to the different set of circumstances occurring on |s12/15/98, namely that the operator [Myelin Phan] insisted that plaintiff remove her ring. Ms. Bourgeois double zipped the ring into a cosmetic bag and then again into her zippered purse.
The trial judge awarded plaintiff $8,500.00 to replace the ring and $4,000.00 for mental anguish, in addition to court costs and interest from the date of judicial demand.
Allstate filed a suspensive appeal with this Court.
ASSIGNMENTS OF ERROR
1. The trial court erred in finding that Tuy Nguyen d/b/a as Angel Nails was negligent since plaintiff failed to prove a breach of a duty owed.
2. The trial court erred when it improperly allowed the appraisal of the lost ring into evidence.
3. The trial court erred in awarding eighty-five hundred dollars for the replacement value of the ring and four thousand dollars for mental anguish.
DISCUSSION
Allstate contends plaintiff failed to prove Angel Nails owed or breached any duty to Mrs. Bourgeois. We disagree.
A claim against an employer for the torts of an employee based on the employer’s alleged direct negligence in hiring, retaining, or supervising the employee generally is governed by the same duty-risk analysis used for all negligence cases in Louisiana. Griffin v. Kmart Corp. 00-1334 (La.App. 5 Cir. 11/28/00), 776 So.2d 1226. Employers' are answerable for the damage caused by their employees in the exercise of the functions in which they are employed. La. Civ.Code art. 2320; Ermert v. Hartford Ins. Co., 559 So.2d 467 (La.1990). When determining whether the employer is liable for the acts of an employee, factors to be considered are whether the tortious act was: (1) primarily employment rooted; (2) reasonably incidental to the performance of the employee’s duties; (3) occurred on the employer’s premises; and (4) occurred during hours of employment. LeBrane v. Lewis, 292 So.2d 216 (La.1974); Nelson v. Williams, 97-276 (La.App. 5 Cir. 9/30/97), 707 So.2d 436. It is not necessary that all factors be met in order to find liability, and each case must be decided on its merits. Nelson, supra. The fact that the primary motive of the employee is to benefit himself does not prevent the tortious act of the employee from being within the scope of the employment. Id. If |4the purpose of serving the employer’s business actuates the employee to any appreciable extent, the employer is liable. Id. .We emphasize, however, that there is generally no duty to protect others from the criminal activities of third persons. Posecai v. Wal-Mart Stores, Inc., 99-1222 (La.11/30/99), 752 So.2d 762. Notwithstanding, Angel Nails owed its customer, Mrs. Bourgeois, a duty protect her from the tortious act of its *1136 employee on its premises during its hours of operation. _ Mrs. Bourgeois was a regular patron of Angel Nails whose loss occurred during her patronage thereof.
Therefore, in order to reverse the trial judge’s findings, we must find manifest error. However, we find no clear error in the trial judge’s ruling that Angel Nails was negligent in the training or supervision of Myelin Phan. Regardless of whether it was negligent in hiring her, Kim Tran admittedly failed to provide training to its employees and/or establish policies and procedures for handling customer valuables. Defendants did not present any live witnesses at trial. Rather, they presented the deposition testimony of owners Tuy Nguyen and his wife Kim Tran. Mr. Nguyen was not at Angel Nails the day of the incident. He testified that his wife manages the business and supervises the employees. Kim Tran testified that she did not formally train employees. She relied on their licensing/certification to perform manicures and pedicures, as a substitute for training by her. Before hiring employees, she would critique their work then instruct them to do a good job with the customer’s nails and be nice to the customers. The record indicates to us that failure to do more was a breach of Angels Nails’ duty.
We admit there is no smoking gun linking Myelin Phan to Mrs. Bourgeois’ ring, and to date, her ring has not been recovered. However, the record demonstrates that Ms. Phan ceased working for Angel Nails not long after this incident and moved to Chicago with her husband. She was allegedly separated from her husband on the day of this incident although the record reflects her husband told her to refuse the polygraph test the next day. Moreover, the trial judge heard Mrs. Bourgeois’ testimony and believed her version of the events that day.
|fiWhen findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings; for only the fact finder can be aware of variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. State Farm Fire & Cas. Co. v. Torregano, 00-141 (La.App. 5 Cir. 9/26/00), 769 So.2d 754. Great deference must be given to the trial court’s determination of the credibility of the witnesses. Id. The trial court was notably impressed with plaintiffs testimony and demeanor. Mrs. Bourgeois has been a Catholic high school teacher since 1989. She has taught Theology and English to high school girls at Chapelle and Cabrini High Schools. Mrs. Bourgeois testified that she has never sued anyone before. Based on this credibility determination, the trial court found Angel Nails liable for the damages sustained by her. We can find no manifest error in the trial court’s determination and affirm the portion of the judgment finding Angel Nails owed a duty to. plaintiff and breached that duty.
Defendants’ second assignment of error questions the trial court’s ruling allowing plaintiff to introduce the appraisal of her ring without compelling the appraiser to appear in court to corroborate the document. They contend plaintiff was allowed to rely upon an inadmissible hearsay document (the appraisal) to prove the value of her ring which was not prepared until after it became missing. A trial judge’s assessment of the probative value of evidence is afforded great weight. State Farm Fire & Cas. Co. v. Torregano, supra. In the absence of a clear abuse of discretion in assessing the probative value of evidence, the ruling of the trial court will not be reversed on appeal. Id. Initially, we point out that the appraiser did not *1137 testify. However, the appraisal was conducted by Raymond’s Jewelry Creation, the jewelry store that reset Mrs. Bourgeois’ ring a few months before this incident. The appraisal valued the ring at $7,000.00.
We find no clear abuse of discretion on the trial court’s behalf in light of the fact that the appraisal was the best evidence plaintiff could produce to value her ring. Moreover, it is a routine practice for jewelry stores to appraise their customer’s jewelry. Furthermore, Raymond’s Jewelry Creation’s was quite familiar with plaintiffs ring as |Jier husband chose that jeweler to redesign the anniversary ring just before the ring ■ became missing.
Defendants’ final assignment of error concerns the trial court’s award of $8,500.00 to replace plaintiffs ring and $4,000.00 in mental anguish damages. Before an appellate court may disturb such an award, the record must clearly reveal that the trier of fact abused its broad discretion in making the award, based on the facts and circumstances peculiar to the case. Torregano, supra.
Mrs. Bourgeois’ ring consisted of a 0.76 carat oval shaped diamond she and her husband selected together in 1975, before they were, married. That stone was important to her because it, reminded her of the times when her husband cut lawns and struggled to save enough money to buy it for her. For their twenty-fifth wedding anniversary her husband had the diamond remounted into a platinum band containing 10 princess cut diamonds. Their anniversary was three months before this incident. She noted the ring was one of a kind and can never be replaced. However, she testified that she purchased another ring for $8,500.00. As a result of her testimony, the trial court awarded Mrs. Bourgeois the replacement cost of the ring. Because we find no manifest abuse of discretion, the judgment of the trial court must be affirmed.
The final issue is whether the $4,000.00 award for mental distress damages is excessive. In order to make this determination, the reviewing court looks first to the individual circumstances of the injured plaintiff. The mental anguish which gives rise to a claim for damages must be real mental injury. State Farm Fire & Cas. Co. v. Torregano, supra. Unfortunately, every incident of property loss is accompanied by some degree of worry or consternation. 'However, recovery of damages requires the plaintiff to have suffered psychic trauma in the nature of or similar to a physical injury as a direct result of the incident which caused the property damage. Id.
The record shows that plaintiff alleged damages for mental anguish and emotional distress due to the loss of her engagement ring. However, although Mrs. Bourgeois testified the ring had sentimental value because it was given to her by her husband before they married and was then reset for their twenty-fifth wedding anniversary, we find no [?evidence in the record that plaintiff suffered extreme damages 'from mental anguish as a result of the loss. Mrs. Bourgeois testified that since the incident she has been unable to go to any nail salon and instructs her students to exercise extreme caution when doing so. This Court does not mean to discount the reality of plaintiffs suffering. Nonetheless, we are unable to acquiesce in the trial court’s mental anguish damage award because it is not clear from plaintiffs testimony that she suffered real psychic trauma. Accordingly, we amend that portion of the' judgment awarding Mrs. Bourgeois the sum of $4,000.00 for mental anguish and reduce that award to *1138 $1,500.00. In all other respects, the judgment of the trial court is affirmed.
AFFIRMED AS AMENDED.